Supreme Court, New York Special Term. Reported. N. Y. L. J.,

In the Matter of the Petition of ROBERT HERSE to Revoke a Liquor Tax Certificate of PATRICK J. SAVAGE.

LAMBERT, J.   A reference having been ordered in this proceeding on the 10th day of July, 1899, at a Special Term of the Supreme Court held at the city and county hall in the city of Buffalo on that day, to Honorable William G. Laidlaw, a counselor of this court, residing at Ellicottville, N. Y., to take proof of the facts and circumstances set forth in the petition, and of the facts and circumstances alleged in opposition thereto, and report the said evidence together with his opinion thereon to this court; and said referee having duly taken said evidence and reported the same together with his opinion thereon;

And after hearing Fred L. Eaton for the relief asked for by the petitioner, to wit: the cancellation of liquor tax certificate No. 18,848, hereinbefore granted by the Treasurer of Cattaraugus county to Patrick J. Savage, and having heard Henry Donnelly in opposition thereto:

I find the following facts:

*First.* That heretofore and on the 1st day of May, 1899, William Ely as Treasurer of the County of Cattaraugus, issued to Patrick J. Savage liquor tax certificate No. 18,848, granting to said Patrick J. Savage the privilege of trafficking in liquors at No. 314 West State street, Olean, N. Y.

*Second.* That said certificate was issued by said county treasurer upon the face of an application therefor made by said Patrick J. Savage, filed with the said county treasurer, accompanied by what purported to be the written consents of the owners of two-thirds of the buildings occupied exclusively as dwellings, the nearest entrances to which were within two hundred feet on a straight line, of the nearest entrance to said premises No. 314 West State street, Olean, N. Y.

*Third.* That at the time of the issuance of said liquor tax certificate 18,848 to said Patrick J. Savage, the nearest entrances to the following buildings occupied exclusively as dwellings were within two hundred feet measured in a straight line, of the nearest public entrance to the building No. 314 West State street, Olean, N. Y., in which said Patrick J. Savage was to traffic in

liquors under said certificate. A double dwelling house consist-ing of two distinct dwellings without any internal communica-tion one with the other, under one roof, located on Third street; a dwelling house owned by one William Stephan and occupied by a Jew named Sherris, on the north side of State street; a dwell-ing owned by one Van Campen on the south side of State street, corner of Second; a dwelling owned by one Ida J. Dickinson on Second street, north of State.

*Fourth.* That all of the entrances, rear, side and front, of the double dwelling above specified, the Van Campen house and the house occupied by the Jew, Sherris, were within two hundred feet, measured in a straight line, from the front entrance to the premises in which the traffic in liquors was to be carried on under said certificate.

*Fifth.* That the rear and side entrances of the dwelling herein-before specified as being owned by one Dickinson, were within two hundred feet, measured in a straight line, from the front entrance of the building in which traffic in liquors was to be carried on under said certificate.

*Sixth.* That the rear and side entrances of a building occupied exclusively as a dwelling, located on Third street, and owned by one Judge, were within two hundred feet, measured on a straight line, from the side entrance nearest State street of the building No. 314 West State street, in which traffic in liquors was to be carried on under said certificate.

That the rear and side entrances of the building occupied exclusively as a dwelling owned by the said Dickinson, and front-ing on Second street, were within two hundred feet, measured in a straight line, of the side entrance nearest State street, of the building in which it was proposed to traffic in liquors under said certificate.

*Seventh.* That the rear and side entrances of a building occu-pied exclusively as a dwelling, owned by one Johnson and facing on Third street, are within two hundred feet, measured in a straight line, of the side entrance farthest from State street, of the building in which traffic in liquors was to be carried on under said certificate. And all of the entrances of the Dickinson house, second above specified, were within two hundred feet, measured in a straight line, of the said side entrance.

*Eighth.* That at the time of said application, another building was located on State street, all the entrances to which were

17

within two hundred feet, measured in a straight line, of the front entrance to building No. 314 West State street, in which traffic in liquors was to be carried on; and at said time such building was occupied by two sisters who did dressmaking therein, employing no help and selling no material, doing the dressmaking in the dining-room of the dwelling when not used for other purposes. In the front window of this dwelling, on the inside and upon the top rail of the lower sash, was a pasteboard card with the words "Dress Making" printed thereon, which card was visible from State street to those passing; which said building was owned by one Grossman.

*Ninth.* That at the time of filing his application for said certificate, the written consents filed therewith were as follows:

1st. The building owned by William Stephan, occupied by the Jew, Sherris. 2d. A. M. Chamberlain as agent for the owner of the house on Third street, designated as the Judge house. 3rd. George Van Campen as agent for the owner of the house hereinbefore designated as the Van Campen house on the south side of State street, corner of Second.

And that such consents were the only consents filed in connection with said application.

*Tenth.* That upon procuring said liquor tax certificate No. 18,848, said Patrick J. Savage commenced to and has ever since trafficked in liquors at said building No. 314 West State street, Olean, N. Y.

### CONCLUSIONS OF LAW.

*First.* That the nearest entrance to a building occupied exclusively as a dwelling specified in the statute, is the nearest entrance, whether rear, side or front, to said dwelling, measured in a straight line, from the nearest public entrance to the building in which traffic in liquors is proposed to be carried on.

*Second.* That the nearest entrance to the building in which traffic in liquors is to be carried on, under the statute, is any entrance through which the public enter the building as patrons of the business carried on therein.

*Third.* Where there is more than one distinct dwelling occupied by a distinct family embraced within one building, no part of which is used for any other purpose, each distinct dwelling, although under a common roof with others, constitutes one building occupied exclusively as a dwelling within the statute.

*Fourth.* That the Grossman house occupied by the two dress-makers, with the printed card or sign in the window, was not a building occupied exclusively for dwelling purposes. The card was an invitation for any person to enter who saw fit, and a good will might result from such an occupancy of a dwelling which would take from it its character of exclusiveness.

*Fifth.* That whether the front entrance alone be regarded as a public entrance to the building No. 314 West State street, or one or both of the side entrances be regarded as such, in neither case did the said Patrick J. Savage procure the written consents of the owners of two-thirds of the buildings occupied exclusively as dwellings, the nearest entrances to which were within 200 feet, measured in a straight line, of the nearest entrance to the building in which the traffic in liquor was to be carried on.

*Sixth.* If the front entrance be taken as the only public entrance, said Savage filed with his application the consent of the owner of the house occupied by the Jew, Sherris, and the consent of the owner of the Van Campen house, corner Second and State street, only, leaving the double house on Third street owned by Herse and the single dwelling on First street owned by Dickinson, not consenting.

*Seventh.* If the side entrance be considered a public entrance, then there were all the buildings previously enumerated, and in addition the second Dickinson house on Second street, and the Judge house on Third street, adding two to the total number, of which the applicant had but one, leaving the ratio of those not consenting greater than before.

*Eighth.* That liquor tax certificate No. 18,848 should be revoked and cancelled.

*Ninth.* That the petitioner recover of Patrick J. Savage, the respondent, his costs which are allowed at sixty dollars, and taxable disbursements in addition thereto.